UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff*, ) | |
| ) | |
| *vs.* ) | 2:13-cr-00016-JMS-CMM-13 |
| ) | |
| BRITTANY SIBANDE, ) | |
| *Defendant.* ) | |
| ) | |

## **ORDER**

On October 20, 2015, Defendant Brittany Sibande filed a "Request for Second Chance Act for Additional Halfway House Due to Extraordinary Circumstances and Incapacitation of Primary Care Giver." [Filing No. 544.] In her Request, Ms. Sibande asks that the Court, pursuant to the "Second Chance Act," 18 U.S.C. § 3624(c), allow her to serve the remainder of her sentence at a halfway house so that she can participate in "the rearing of [her] children and their special needs." [Filing No. 544 at 4.] The Government opposes Ms. Sibande's Request, arguing that the Court does not have authority to revise Ms. Sibande's sentence pursuant to the Second Chance Act and, in any event, does not have jurisdiction at this time to change the sentence that it imposed. [Filing No. 549.]

In her Request, Ms. Sibande relies only upon the Second Chance Act in requesting placement in a halfway house. But the Second Chance Act only authorizes the Bureau of Prisons – not the Court – to place an incarcerated individual in a halfway house before their term of imprisonment ends. *See* 18 U.S.C. § 3624(c) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term…under conditions that will afford that prisoner a reasonable opportunity to

adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility").

Further, while the Court may "correct a sentence that resulted from arithmetical, technical, or other clear error," it must do so within fourteen days after sentencing. *See* Fed. R. Crim. P. 35(a). The time limit included in Rule 35 "is jurisdictional." United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001); *see also* United States v. Baldwin, 414 F.3d 791, 797 (7th Cir. 2005) ("The Supreme Court has held that [Rule 35] operate[s] to deprive the court of authority to act after the time period specified in the rule has elapsed"). The Court sentenced Ms. Sibande on August 6, 2014, [*see* Filing No. 477], so does not have jurisdiction to revise the sentence at this point.

To the extent Ms. Sibande may have additional arguments that are not based on the Second Chance Act, she has not articulated them and the Court cannot craft any such arguments for her. Accordingly, for the foregoing reasons, the Court **DENIES** Ms. Sibande's Request, [Filing No. 544].

Date: November 13, 2015

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Brittany Sibande
Reg. No. 11298-028
Alderson Federal Prison C
Post Office Box A
Glen Ray Road
Alderson, West Virginia 24910